Docket & File

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

TAMISE MC LAUGHLIN; JOHNELLE GASWAY by
Tamise McLaughlin as her parent and natural guardian,
LAMEL ~~MCLAUGHLIN~~ GASWAY, by Tamise McLaughlin as her
parent and natural guardian, CHANELLE GASWAY by
Tamise McLaughlin as her parent and natural guardian,
DANIELLE MCLAUGHLIN; BARSHAUN and DANEEN
REYNOLDS,

STIPULATION AND ORDER
OF SETTLEMENT AND
DISCONTINUANCE

08 CV 295 (JMA)(~~CLP~~)

          Plaintiffs,

    -against-

THE CITY OF NEW YORK, a municipal corporation;
RAYMOND KELLY, New York City Police Commissioner,
Police Officer RAMOS, INDIVIDUALLY AND AS A New
York City Police Officer, John and Jane Does individually and
as supervisory officers of the NYPD the identity and number of
which is unknown,

         Defendants.

------------------------------------------------------------------- x

    **WHEREAS**, plaintiffs Tamise McLaughlin on behalf of herself and her infant daughters Chanelle Gasway and Johnelle Gasway and her infant son Lamel ~~McLaughlin~~ Gasway and Danielle McLaughlin and Barshaun McLaughlin and Daneen Reynolds commenced this action, by filing a complaint on or about July 27, 2007 alleging that certain of their federal and state rights were violated; and

    **WHEREAS**, Defendants City of New York, Police Commissioner Raymond Kelly and Detective Juan Carlo Ramos have denied any and all liability arising out of plaintiffs' allegations; and

    **WHEREAS**, the parties now desire to resolve the issues asserted in this litigation, without further proceedings and without admitting any fault or liability; and

**WHEREAS**, plaintiffs have authorized their counsel to settle this matter on the terms set forth below;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1. This above-referenced action is hereby dismissed with prejudice, and without costs, expenses, or fees in excess of the amount specified in paragraph "2" below.

2. Defendant City of New York hereby agrees to pay plaintiff Tamise McLaughlin the total sum of FIFTY ONE THOUSAND DOLLARS ($51,000.00) and Tamise McLaughlin for Johnelle Gasway the total sum of FIFTY ONE THOUSAND DOLLARS ($51,000.00) and Tamise McLaughlin for Lamel McLaughlin [Gasway] the total sum of ONE THOUSAND DOLLARS ($1,000.00) and Tamise McLaughlin for Chanelle Gasway the total sum of ONE THOUSAND DOLLARS ($1,000.00), and Danielle McLaughlin the total sum of FIFTY ONE THOUSAND DOLLARS ($51,000.00), and Barshaun McLaughlin the total sum of FORTY ONE THOUSAND DOLLARS ($41,000.00) and Daneen Reynolds the total sum of THIRTY FIVE THOUSAND DOLLARS ($35,000.00) in full satisfaction of all claims, including claims for costs, expenses, and attorneys' fees. In consideration for the payment of this sum, plaintiffs agree to dismissal of all the claims against the Defendants City of New York, Police Commissioner Raymond Kelly, Detective Juan Carlo Ramos and to release any present or former employees or agents of the City of New York and the New York City Police Department, and the City of New York from any and all liability, claims, or rights of action arising from and contained in the complaint in this action, including claims for costs, expenses, and attorneys' fees.

3. Plaintiffs shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, releases based on the terms of paragraph "2" above and the Affidavit of No Liens.

4. Other than as set forth in paragraph "2" above, neither plaintiffs, nor any party in privity with plaintiffs, shall have any recovery for any damages, injury, equitable or other relief, or fees or costs in connection herewith.

5. Settlement of this action is conditioned on compliance with the provisions set forth in Rule 83.2 of the Local Civil Rules of this Court ("Settlement of Actions by or on Behalf of Infants or Incompetents, Wrongful Death Actions, and Conscious Pain and Suffering Actions") and Rule 1207 et seq. of the Civil Practice Laws and Rules for the State of New York.

6. Nothing contained herein shall be deemed to be an admission by the City of New York that it has in any manner or way violated plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

7. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York.

8. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

9. The court shall maintain jurisdiction over this action to enforce this settlement agreement.

-3-

Dated:     New York, New York
                  _____, 2008

| | |
|---|---|
| Glenn A. Wolther, Esq.<br>Attorney for Plaintiffs<br>305 Broadway Suite 1102<br>New York, NY 10028<br>(212) 964-2120<br><br>By: _____<br>GLENN A. WOLTHER, ESQ. (GW-5116)<br><br>SO ORDERED:<br><br>s/Joan M. Azrack<br>_____<br>U.S.D.J. | MICHAEL A. CARDOZO<br>Corporation Counsel of the<br>  City of New York<br>Attorney for Defendants City of New York,<br>Police Commissioner Raymond Kelly,<br>Detective Juan Carlo Ramos<br>100 Church Street, Room 3-146<br>New York, New York 10007<br>(212) 788-1894<br><br>By: _____<br>DAVID M. POLLACK (DP 3873)<br>Assistant Corporation Counsel |